**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INSIGHT DIRECT USA, INC. )<br>)<br>)<br>Plaintiff, )<br>) Civil Action No.:<br>vs. )<br>)<br>HEALTHCARE INSIGHTS, LLC, )<br>)<br>Defendant. ) | |

**COMPLAINT**

Plaintiff Insight Direct USA, Inc. ("Plaintiff"), by its undersigned attorneys, for its complaint against Defendant Healthcare Insights, LLC (hereinafter "Defendant" or "HCI"), alleges as follows:

**THE PARTIES**

1. Plaintiff, Insight Direct USA, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 6820 South Harl Ave., Tempe, Arizona 85283.

2. On information and belief, Defendant, Healthcare Insights, LLC is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business located at 510 Roosevelt Drive, Libertyville, IL 60048.

**JURISDICTION AND VENUE**

3. This action is for federal trademark infringement and unfair competition involving claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and for infringement, unfair competition, injury to business reputation and deceptive trade practices involving claims arising under the Uniform Deceptive Trade Practices Act, 815 ILCS 501/1 et seq., the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., and the common law.

4. This Court has original subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 1338(a), and has subject matter jurisdiction over the state law claims based on the principles of pendant jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

5. This Court has personal jurisdiction over Defendant because Defendant conducts business within this district and has committed the tortious conduct complained of within this Complaint.

6. Based on information belief, venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391 as these causes of action arise from Defendant's conduct within this district, including the transaction of business and the promotion and/or sale of products and/or services bearing the allegedly infringing trademarks.

**GENERAL FACTUAL ALLEGATIONS**

7. Plaintiff is a leading global services company and provider of information technology hardware, software and service solutions to businesses and public sector organizations, including businesses in the healthcare industry. *See* Website Screenshots, attached hereto as Exhibit A.

2

8. Plaintiff has partnerships with 5,000 manufacturers and publishers, over 70,000 commercial and public sector clients globally and provides software lifecycle support for 80% of Global Fortune 500 companies.

9. Plaintiff has received a number of awards for its information technology solutions, which include, but are not limited to, hardware, software and services related to the assessment, design and deployment of network and security solutions, office productivity, unified communications and collaboration, data virtualization, storage and protection, cloud-computing, computer programming and application service provider services. *See* Website Screenshots, attached hereto as Exhibit B.

10. Plaintiff's cloud-computing services, which enable clients to seamlessly deploy, configure and transition business processes to the cloud, are very similar to and competitive with Defendant's software as a service (SAAS) services—which, according to Defendant's website, help "organizations to transition business support processes from on-premise servers to secure access on the web." *See* Website Screenshots, attached hereto as Exhibit C.

11. Since as early as 2011, Plaintiff has used INSIGHTCLOUD as a trademark for the following services:

> Distributorship services and computerized on-line retail store services featuring computer hardware and software, computer components and computer accessories and supplies; domestic and international price comparison services, namely, pricing computer others; domestic and international procurement services, namely, purchasing computer hardware and software, computer components and computer accessories and supplies for others; Financial services, namely, financing services related to computer hardware, software, server, networks, and work stations; underwriting warranty programs in the field of computer hardware, software, servers, networks, and work stations; warranty claims administration services, namely, processing warranty claims for computer hardware, software, servers, networks and work stations; Electronic storage of computer data; Computer programming services; design, development, deployment, implementation, analysis, integration, and management of computer software for others; installation, modification, maintenance, and repair of computer software; customization and computer programming services for others in the field of computer software and hardware

3

configuration management; managed information technology services and operations for others, namely, remote and on-site management of virtual infrastructure and cloud computing systems, networking, applications and storage services of others; application service provider services, namely, hosting computer software applications of others; providing temporary use of non-downloadable computer software for managing, testing, and using multiple operating systems; providing temporary use of non-downloadable computer software for managing virtual computing infrastructure, networking and storage; providing temporary use of non-downloadable computer software for creating and maintaining scalable cloud computing applications; leasing and rental of computer software; technical support services, namely, trouble shooting of computer software and computer hardware; consulting services related to virtual infrastructure and the field of cloud computing; computer systems integration services; technical consulting services in the fields of datacenter architecture, public and private cloud computing solutions, and evaluation and implementation of Internet technology and services; technical support services, namely, remote and on-site infrastructure management services for monitoring, administration and management of public and private cloud computing IT and application systems; computer consultation in the field of computer hardware, software, server, network and workstation analyses for performance, access, configuration, compatibility, and connectivity; leasing of computers, computer components and computer accessories. leasing of computers, computer components and computer accessories, and supplies, namely, leasing of computers, servers, bridge/routers, hubs, workstations, laptop computers, monitors, computer cabinets and peripherals; remote computer back- up services; consolidation of computer data, namely, electronic manipulation of dispersed data to centralized servers to facilitate efficient data back-up and archiving.

12. Since at least as early as 1989, Plaintiff has also continuously used INSIGHT as a trademark for its business services in the United States and worldwide.

13. In addition to such common law rights, Plaintiff is the owner of U.S. Registrations Nos. 1,940,956, 3,690,982 and 4,508,474 for the INSIGHT mark and U.S. Registration No. 4,396,558 for the INSIGHTCLOUD mark. Plaintiff has spent considerable time, money and effort promoting the marks and developing consumer and community recognition and goodwill in these marks. Accordingly, Plaintiff's INSIGHT and INSIGHTCLOUD marks have become uniquely associated with and hence identify Plaintiff.

14. Founded in 2000, Defendant provides computer software and software as a service (SAAS) services to hospitals and healthcare-related businesses. These services are very

4

similar to and competitive with the software solutions offered by Plaintiff. Upon information and belief, in or around April 2012, Defendant began using the INSIGHTS CLOUD mark in interstate commerce in connection with computer software and services for hospital financial management, namely, setting and monitoring user-defined goals related to budgets, project management, and productivity. *See* Website Screenshots, attached hereto as Exhibit D.

15. On January 6, 2012, Defendant filed a federal trademark application for INSIGHTS CLOUD, Serial No. 85/510,113, for software as a service (SAAS) services featuring software for hospital financial management, namely, setting and monitoring user-defined goals related to budgets, project management and productivity.

16. On February 24, 2012, Plaintiff issued a cease and desist letter to Defendant, alleging that Defendant's use of and application for the INSIGHTS CLOUD mark infringed upon Plaintiff's priority trademark rights, and demanding that Defendant: (1) cease and desist from all further use of the INSIGHTS CLOUD trademark; (2) abandon the INSIGHTS CLOUD trademark application; (3) re-brand its services so that Defendant's mark bears no similarity to Plaintiff's INSIGHTCLOUD trademark; and (4) phase out any existing materials bearing the INSIGHTS CLOUD trademark within thirty days of the date of the letter. *See* February 24, 2012 cease and desist letter, attached hereto as Exhibit E.

17. On January 7, 2014, and in partial compliance with Plaintiff's demands, Defendant filed with United States Patent & Trademark Office ("USPTO"), a Request for Express Abandonment of Defendant's INSIGHTS CLOUD trademark application. *See* Request for Express Abandonment, attached hereto as Exhibit F.

18. On January 21, 2014, Defendant's counsel advised Plaintiff that Defendant discontinued use of the INSIGHTS CLOUD mark as of July 26, 2012, and provided

5

confirmation that an express abandonment of the federal trademark application for INSIGHTS CLOUD was filed on January 7, 2014. *See* Exhibit G.

19. On January 28, 2014, the USPTO issued a Notice of Abandonment in response to Defendant's Request for Express Abandonment of the INSIGHTS CLOUD trademark application. *See* Exhibit H.

20. On February 15, 2014, Defendant's counsel again advised that Defendant had ended its use of the INSIGHTS CLOUD mark and abandoned the associated trademark application.

21. Notwithstanding Defendant's abandonment of its INSIGHTS CLOUD application, and over Plaintiff's objections, Defendant recently began using the HEALTHCARE INSIGHTS CLOUD mark in interstate commerce in connection with computer software and software as a service (SAAS) services. *See* Exhibit I.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15. U.S.C. § 1114

22. Plaintiff repeats and incorporates herein the allegations of paragraphs 1 through 21 above, as though fully set forth herein.

23. Defendant has and continues to use the HEALTHCARE INSIGHTS CLOUD mark in commerce in connection with the sale of closely related goods and services within the information technology industry.

24. Defendant's continued use of the HEALTHCARE INSIGHTS CLOUD mark in connection with computer software and software as a services (SAAS) services is likely to create confusion mistake and/or deception among consumers, and therefore constitutes an infringement of Plaintiff's registered trademark pursuant to 15 U.S.C. § 1114.

25. Defendant's unauthorized and continued use of the HEALTHCARE INSIGHTS CLOUD mark with full knowledge of Plaintiff's prior rights in the mark INSIGHTCLOUD and of Plaintiff's objection to the use thereof is, on information and belief, willful and has been done with the intention of trading upon the goodwill built up by Plaintiff in its INSIGHTCLOUD mark.

26. Defendant's infringement and unauthorized use of the HEALTHCARE INSIGHTS CLOUD mark jeopardizes the goodwill symbolized by the INSIGHTCLOUD mark causing serious and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

27. As a result of Defendant's infringement under 15 U.S.C. § 1114, Plaintiff has been injured and is entitled to damages, including but not limited to, Defendants' profits from the sale of all infringing goods and services, actual damages, treble damages, and costs of suit. Since Defendant's infringement on information and belief is willful, as having continued after receiving actual notice from Plaintiff's counsel, this should be deemed an exceptional case entitling Plaintiff to attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

28. Plaintiff repeats and incorporates herein the allegations of paragraphs 1 through 27 above, as though fully set forth herein.

29. Defendant has and continues to use the HEALTHCARE INSIGHTS CLOUD mark in commerce in connection with the sale of closely related goods and services within the information technology industry.

30. Defendant's unauthorized and continued use of the HEALTHCARE INSIGHTS CLOUD mark is likely to cause confusion or mistake and/or is likely to deceive consumers as to

the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and/or services by Plaintiff.

31. Such conduct by Defendant constitutes trademark infringement, false designation of origin and/or sponsorship of Defendant's goods, and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant's unauthorized and continued use of the HEALTHCARE INSIGHTS CLOUD mark with full knowledge of Plaintiff's prior rights in the mark INSIGHTCLOUD and of Plaintiff's objection to the use thereof is, on information and belief, willful and has been done with the intention of trading upon the goodwill built up by Plaintiff in its INSIGHTCLOUD mark.

33. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm to its valuable INSIGHTCLOUD trademark. Unless Defendant is permanently enjoined from further acts of infringement, false designation of origin, and unfair competition, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

34. As a result of Defendant's infringement under 15 U.S.C. § 1125(a), Plaintiff has been injured and is entitled to damages, including but not limited to, Defendants' profits from the sale of all infringing goods and services, actual damages, treble damages, and costs of suit. Since Defendant's infringement on information and belief is willful, as having continued after receiving actual notice from Plaintiff's counsel, this should be deemed an exceptional case entitling Plaintiff to attorneys' fees under 15 U.S.C. § 1125(a).

**COUNT III**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF ILLINOIS COMMON LAW**

35. Plaintiff repeats and incorporates herein the allegations of paragraphs 1 through 34 above, as though fully set forth herein.

36. Defendant's unauthorized and continued use of the HEALTHCARE INSIGHTS CLOUD mark in connection with the promotion, advertising and sale of the same or closely related goods and services as Plaintiff constitutes trademark infringement and unfair competition in violation of the common law of Illinois because it is likely to cause confusion, mistake or deception, or give the false or misleading impression that the services offered or sold by Defendant and Plaintiff originate with or are under the control of a single source or are backed or endorsed by a single source, or that Defendant is somehow associated with, connected or related to Plaintiff.  Defendant has otherwise engaged in unfair competition by representing that Defendant has a sponsorship, approval, status, affiliation or connection with Plaintiff that it does not have.

37. Defendant's unauthorized and continued use of the HEALTHCARE INSIGHTS CLOUD mark with full knowledge of Plaintiff's prior rights in the mark INSIGHTCLOUD and of Plaintiff's objection to the use thereof is, on information and belief, willful and has been done with the intention of trading upon the goodwill built up by Plaintiff in its INSIGHTCLOUD mark.

38. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm to its valuable INSIGHTCLOUD trademark.  Unless Defendant is permanently enjoined from further acts of infringement and unfair competition, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

39. Defendant's conduct has caused Plaintiff irreparable harm, entitling Plaintiff to damages, including, but not limited to, Defendant's profits from the sale of all infringing goods and services, actual damages, costs of suit and attorneys' fees.

**COUNT IV**
**VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT,**
**815 ILCS 510/1 et seq.**

40. Plaintiff repeats and incorporates herein the allegations of paragraphs 1 through 39 above, as though fully set forth herein.

41. Defendant has engaged in conduct which creates a likelihood of confusion or misunderstanding in violation of 815 ILCS 510/2.

42. Defendant's unauthorized and continued use of the HEALTHCARE INSIGHTS CLOUD mark in connection with its products and/or services constitutes a deceptive trade practice in that, as alleged previously, those acts in trade and commerce use and employ practices that violate 815 ILCS 510/2.

43. Defendant's unauthorized and continued use of the HEALTHCARE INSIGHTS CLOUD mark with full knowledge of Plaintiff's prior rights in the mark INSIGHTCLOUD and of Plaintiff's objection to the use thereof is, on information and belief, willful and has been done with the intention of trading upon the goodwill built up by Plaintiff in its INSIGHTCLOUD mark.

44. Defendant's deceptive trade practices have caused, and if not restrained by this Court, will continue to cause Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law.

45. On information and belief, Defendant has willfully engaged in deceptive trade practices. Accordingly, costs of suit and attorneys' fees should be assessed against Defendant pursuant to 815 ILCS 510/3.

## COUNT V
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1 et seq.

46. Plaintiff repeats and incorporates herein the allegations of paragraphs 1 through 45 above, as though fully set forth herein.

47. Defendant's violation of Section 2 of the Uniform Deceptive Trade Practices Act (815 ILCS 510/2) constitutes a violation of Section 2 of the Illinois Consumer Fraud and Deceptive Businesses Act (815 ILCS 505/2).

48. Defendant's unauthorized and continued use of the HEALTHCARE INSIGHTS CLOUD mark, as set forth above, is likely to mislead consumers with respect to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and/or services by Plaintiff.

49. Defendant's deceptive trade practices have caused, and if not restrained by this Court, will continue to cause Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law.

50. As a result of Defendant's willful acts as alleged above, Plaintiff has been injured and is entitled to damages, including but not limited to, actual damages, punitive damages, costs of suit and attorneys' fees pursuant to 815 ILCS 505/10a(a)(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. That Defendant and all those persons in concert or participation with Defendant be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a. Using Plaintiff's INSIGHTCLOUD trademark, or any confusingly similar designation alone or in combination with other words, including but not limited to HEALTHCARE INSIGHTS CLOUD, as a trademark, trade name, component thereof or otherwise, to market, advertise, identify and sell Defendant's computer software and software as a service (SAAS) services.

    b. Committing any act that dilutes or is likely to dilute the distinctive character of Plaintiff's INSIGHTCLOUD trademark.

    c. Engaging in any course of conduct likely to enable Defendant to benefit from the valuable goodwill and reputation established in Plaintiff's trademark; and

    d. Engaging in any course of conduct, whether explicit or implicit, which is calculated or likely to mislead the public into believing that Defendant is the same as, related to, endorsed by, connected with, affiliated with or somehow associated with Plaintiff;

    e. Otherwise infringing Plaintiff's INSIGHTCLOUD trademark;

    f. Engaging in any other deceptive trade practices or further acts of unfair competition against Plaintiff.

2. That Defendant be directed to file with this Court and serve on Plaintiff within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

3. That Defendant be required to deliver up and destroy all packaging, labels, literature, advertising and other material bearing the infringing designation and/or imitations or reproductions, including confusingly similar variations of Plaintiff's mark, including HEALTHCARE INSIGHTS CLOUD;

4. That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the provision of goods and services offered under the HEALTHCARE INSIGHTS CLOUD designation;

5. That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's acts of trademark infringement, unfair competition, and deceptive and unfair practices, including Plaintiff's damages and Defendant's profits, said amount to be trebled;

6. That Defendant be required to pay all of Plaintiff's litigation expenses, including reasonable attorneys' fees and costs of this action.

7. That Defendant be required to pay interest to Plaintiff, including pre-judgment interest on the foregoing sums;

8. That Plaintiff be awarded punitive damages in such amount as the Court shall find sufficient in view of the willful nature of Defendants' acts and to deter such willful unlawful conduct; and

9. That Plaintiff be awarded such other and further relief at law or in equity as is warranted by the facts established at trial or which this Court may deem as just and proper.

**DEMAND FOR TRIAL BY JURY**

Insight Direct USA, Inc. hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

Dated: June 30, 2014                                  INSIGHT DIRECT USA, INC.

By: /s/ Joshua W. Newman
    One of its Attorneys

James T. Hultquist (#6204320)
Joshua W. Newman (#6302641)
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Tel: (312) 207-1000
Fax: (312) 207-6400
jhultquist@reedsmith.com
jnewman@reedsmith.com

Nina Habib Borders
Reed Smith LLP
1510 Page Mill Road, Suite 110
Palo Alto, CA 94304
Tel: (650) 352-0500
Fax: (650) 352-0699
nborders@reedsmith.com

*Attorneys for Insight Direct USA, Inc.*